448 LLC, Petitioner-Landlord-Respondent,
against
The Butcher's Choice Meat Market, Respondent-Tenant-Appellant.



Tenant appeals from an order of the Civil Court of the City of New York, Bronx County (Lyle E. Frank, J.), entered April 12, 2018, which granted landlord's motion to restore the proceeding for a hearing to determine whether tenant breached the so ordered stipulation of settlement, and denied tenant's cross motion to dismiss the holdover petition.




Per Curiam.
Order (Lyle E. Frank, J.), entered April 12, 2018, affirmed, without costs. 
In a two-attorney stipulation settling the underlying nuisance/breach of lease commercial holdover proceeding, tenant agreed "not to violate any of the allegations contained in the notice of termination", including failing to properly vent and exhaust the foul and noxious odors emanating from the subject butcher shop premises. The stipulation also provided that in the event of a breach, landlord could move to restore the matter. Upon landlord's motion to restore, based upon an affidavit of its agent alleging instances of tenant's failure to cure the foul and noxious odors emanating from its premises, Civil Court properly set the matter down for a hearing (see Mautner- Glick Corp. v Rodriguez, 57 Misc 3d 157[A], 2017 NY Slip Op 51650[U][App Term, 1st Dept 2017]). "Strict enforcement of the parties' stipulation ... is warranted based upon the principle that the parties to a civil dispute are free to chart their own litigation course" (Mill Rock Plaza Assoc. v Lively, 224 AD2d 301 [1996]). 
Civil Court properly denied tenant's cross motion to dismiss this proceeding. Having elected to voluntarily enter into two stipulations of settlement, tenant's claim concerning purported defects in the predicate notice was waived (see generally 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]; Geraci v Jankowitz, 36 Misc 3d 135[A], 2012 NY Slip Op 51354[U][App Term, 2nd Dept, 2nd, 11th & 13th Jud Dists 2012]; 1781 Riverside LLC v Chinchu Song, 35 Misc 3d 137[A], 2012 NY Slip Op 50830[U] [App Term, 1st Dept 2012]; 2380-86 Grand Ave. Assoc., LLC v Ortega, 20 Misc 3d 135[A], 2008 NY Slip Op 51511[U][App Term, 1st Dept 2008]). Furthermore, neither stipulation preserved nor extended tenant's time to answer or move to dismiss.
For similar reasons, tenant's motion to file a late answer was properly denied, except as to any general denials that were previously preserved by stipulation.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 05, 2019